

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

RICHARD M. SCRUGGS,

    Plaintiff

vs.                                                                                  CIVIL ACTION NO.
                                                                                       05-30185-KPN

JAMES O. HALL,

    Defendant

DEFENDANT'S BRIEF IN SUPPORT OF HIS
MOTION TO DISMISS THE COMPLAINT

    Defendant James O. Hall presents this brief in support of his Motion To Dismiss The Complaint. The Complaint should be dismissed under the holding of Montplaisir v. Leighton, 875 F. 2d 1 (1st Cir. 1989) and consonant legal authority.

    In his Complaint, Plaintiff Scruggs alleges that the Defendant, as the attorney for his collective bargaining representative, Local 455, International Brotherhood of Electrical Workers, AFL-CIO, committed "Legal-Professional Malpratice/Negligence/Misrepresation and Breech of Collective Bargain Agreement" [sic] in an arbitration proceeding brought by Local 455 contesting Scruggs' discharge by his employer. The Arbitrator, in the proceeding, upheld Scruggs' termination. (The Arbitrator's decision is appended to the Complaint.)

    In his succinct Complaint the Plaintiff alleges:

> . . . Attorney Hall allowed the profile set by the CBA, the time limits and the evidence procedure to be breech. Attorney Hall

allowed a corrupt arbitrator award which was not legally binding.

In the accompanying "Plaintiff's Brief In Support of His Legeal Malpratice/Negliance/Misrespertation Against Attorney Hall" Plaintiff asserts:

> My documentation will show, but for Attorney Hall misrepresentation in my arbitration, and his allowance of inadmissible evidence to be enter and his failure to protect the statue of limitations, was the cause of my loosing the arbitration.

<u>Montplaisir v. Leighton</u>, 875 F. 2d 1 (1st Cir. 1989) concerned a lawsuit brought by members of the Professional Air Traffic Controllers Organization against the Organization's attorneys for legal malpractice. The First Circuit, in its decision, quoted the Plaintiffs' own description of their complaint:

> All four Plaintiffs allege that the Defendants, by their actions in encouraging participation in the 1981 PATCO strike and in failing to properly advise Plaintiffs prior to, during and immediately after the strike, breached their contract and breached their duty to Plaintiffs (Counts I and II); negligently, intentionally and fraudulently made false representations (Counts III, IV, VI); and failed to disclose or otherwise appropriately respond to clear conflicts of interest between PATCO, as an organization, and individual PATCO members, including Plaintiffs (Counts VIII and X).
> -- <u>Id.</u> at 2

The Appeals Court upheld the District Court's dismissal of the action on several grounds, including on the basis that because PATCO's attorneys "were engaged by and working for the union when they offered the challenged advice, we think them immune to suit." <u>Id.</u> at 4 As the Court explained:

> The Court has long held that "union agents" are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-249, 82 S.Ct. 1318,

1324-25, 8 L.Ed.2d 462 (1962). This immunity obtains "in contract or tort, or both, . . . or in a separate action for damages." *Id.* at 249, 82 S.Ct. at 1325. More recently, the Court widened the embrace of *Atkinson*, ruling that damages immunity remained in effect even if the union had not authorized the actor's conduct. *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 417, 101 S.Ct. 1836, 1845-46, 68 L.Ed.2d 248 (1981).

    The policy which undergirds the *Atkinson* rule is straightforward. Congress was deeply concerned by the use of private lawsuits against workers as a "union-busting" device. Consequently, in section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, Congress "declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy." *Atkinson*, 370 U.S. at 247-48, 82 S.Ct. at 1324. With monotonous regularity, court after court has cited *Atkinson* to foreclose state-law claims, however inventively cloaked, against individuals acting as union representatives within the ambit of the collective bargaining process. See, e.g., *Peterson v. Kennedy*, 771 F.2d 1244, 1256-57 (9th Cir. 1985), cert denied 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187(1986); *Universal Communications Corp. v. Burns*, 449 F.2d 691, 693-94 (5th Cir. 1971) (per curiam); *Suwanchai v. Int'l. Bhd. of Electrical Workers*, 528 F.Supp. 851, 861-62 (D.N.H. 1981). This principle has become so embedded in our jurisprudence that it brooks no serious challenge.

    -- <u>Id.</u> at 4

In the recent case of <u>Carino v. Stefan</u>, 376 F.3d 156 (3rd Cir. 2004), the Third Circuit Court of Appeals set forth the legal issue before it, and its holding, as follows:

    This appeal presents a question of first impression for our Court, namely, whether an attorney hired by a union to perform services on behalf of a union member in connection with an arbitration hearing conducted pursuant to a collective bargaining agreement is immune from suit for malpractice by that member. We conclude that the LMRA bars such a suit.

    -- <u>Id.</u> at 159

3

In the course of its discussion, the Court noted:

> The only courts of appeals to have considered the specific question presented here, where attorneys acted on behalf of the union, have uniformly concluded that *Atkinson* prohibits claims made by a union member against attorneys employed by or retained by the union to represent the member in a labor dispute. (citing <u>Montplaisir</u> and four other decisions)
>
> -- <u>Id.</u> at 160

The Third Circuit then concluded its opinion by summarizing:

> Accordingly, guided by *Atkinson* and *Reis* and the logic of the opinions of our sister courts of appeals, we join these courts in holding that §301 of the LMRA immunizes attorneys employed by or hired by unions to perform services related to a collective bargaining agreement from suit for malpractice.
>
> -- <u>Id.</u> at 162

The Defendant respectfully request the Court to grant his Motion To Dismiss The Complaint.

Respectfully submitted,

September 7, 2005

*/s/ James O. Hall*
James O. Hall, Esquire
403 Highland Avenue
Somerville, Massachusetts 02144
617/625-0708
BBO #217560

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document on the Plaintiff Richard M. Scruggs (appearing pro se) by first class mail, postage prepaid at the address given on his Complaint and Summons: 123 Mayfair Avenue, Springfield, MA 01104

*/s/ James O. Hall*
James O. Hall, Esquire

September 7, 2005