UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

RICHARD M. SCRUGGS,

    Plaintiff

VS.

                                          CIVIL ACTION NO.
                                          05-30185-KPN

JAMES O. HALL,

    Defendant

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Richard M. Scruggs has stated a claim upon which relief can be granted.

Wherefore, I the Plaintiff respectfully request that the Defendant's Motion to Dismiss The Complaint be denied. My accompanying brief will support my Opposition To The Defendant's Motion to Dismiss.

                                                The Plaintiff,
                                                Pro see

October 4, 2005

                                                Richard M. Scruggs
                                                123 Mayfair Avenue
                                                Springfield, MA 01104

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document on the Defendant James O. Hall, Esquire, by first class mail, postage prepaid at the address given on his Motion to Dismiss: James O. Hall, Esquire, 403 Highland Avenue, Somerville, MA 02144

October 4, 2005

                                            Richard M. Scruggs
                                            Pro Sec.

UNITED STATES DISTRICT COURT
DISTRICT OF MASACHUSETTS
WESTER SECTION

RICHARD M. SCRUGGS,

    Plaintiff

VS.

                                                                                    CIVIL ACTION NO.
                                                                                      05-30185-KPN

JAMES O. HALL,

    Defendant

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS OPPOSTION TO DEFENDNT'S MOTION TO DISMISS**

Pursuant to Rule 12(b) (6) of The Federal Rules of Civil Procedure states that a claim may be dismissed if relief cannot be granted upon that claim. In Determining whether a case should be dismissed, the court must accept as true "all Well-pleaded factual averments and indulge all reasonable inference in the Plaintiff's favor.

Attorney Hall is a license professional in the state of Massachusetts, he's required to carry Professional Insurance; therefore relief can be granted that I am seeking in my complaint. The reason I'm seeking monetary relief; Attorney Hall had (6) six opportunities before, during, and after arbitration as I stated in my original complaint but, showed not action. Attorney Hall did not use the reasonableness of a normal attorney (never mind that of 17 year experienced professional.)

Pursuant to Massachusetts Law, ALM GL 260§2a AND ALM GL 260§4. For Legal-Professional/Negligence/Misrepresentation and Breech of Collective Barging Agreement. As a license professional in the state of Massachusetts, the state sets the standard in which an attorney conducts himself. Attorney Hall was my legal representation before and during my arbitration, this license allows him to practice law in state of Massachusetts: which bounds him to their standards and professional conduct. Attorney Hall has a license and a law degree, and understands he should act in a reasonable manner when representing anyone in any scenario, he failed to do this. Attorney actions in representing Local 455 and himself are done in a reasonable manner by looking up laws, aware of time limitations, what's lawful and what's unlawful, but when representing me he used no reasonableness. If the union has the legal reasonability to advise me, having no law degree, no license, but is my legal defense, then why the need for the attorney, who receives a very lucrative salary for wearing a suite. There's no clause in federal or state law that an attorney is barred from a law suite; if he didn't act as a reasonable attorney would have. The union is not a building with numbers, or a union agent, or an attorney, it's the employees who work and pay their union dues so the above mention can get paid to render a service which he did not. Attorney Hall had a morale, financial, and legal reasonability not, because of the CBA, but as a license professional practing in the state of Massachusetts which sets the standard for an attorney; one of those standards is to act in a reasonable manner. In making a law it should reflect some national fairness and not one-sided that the other side has no chance to win. Attorney Hall

3

did not act as a reasonable attorney when he allowed inadmissible evidence, upheld arbitrator's unlawful decision which isn't legally binding, disregarded the time limitations; but Attorney could not foresee the outcome of his inactions. Attorney Hall failed to exercise reasonable care and failed to exercise the degree of learning posed by others of the legal profession.

### 45 ALR3d§4 (b) 1181

Costello v Wells Fargo Bank (1968) 258 Cal App 2d 65 Rpt 612 1193
Donald v Garry (1971) 19 Cal App 3d 769, 97 Cal Rptr 191, 45 ALR3d 1177 1202
W. L. Douglas Shoe Co. v Rollwage (1933) 187 Ark 1084, 63 SW2d 841 203

Wherefore, I Richard M. Scruggs respectfully requests that the Court grant my Motion Of Opposition To Defendant Motion To Dismiss The Complaint.

Respectfully submitted,
Pro See

October 4, 2005

*Richard M. Scruggs* (signature)

Richard M. Scruggs
123 Mayfair Avenue
Springfield, MA 01104

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document on the Defendant James O. Hall, Esquire, by first class mail, Postage repaid at the address given on his Motion To Dismiss: James O. Hall, Esquire, 403 Highland Avenue, Somerville, MA 02144

October 4, 2005                Richard M. Scruggs

4